UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONOR WHITE,

      Plaintiff,

v.                                            Case No:  2:13-cv-609-FtM-CM

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff, Leonor White, appeals the final decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for Supplemental Security Income ("SSI").  As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.      Issues on Appeal

Plaintiff argues three issues on appeal: (1) whether the ALJ properly evaluated the non-examining state agency opinions; (2) whether the ALJ properly evaluated the treating and examining physicians' opinions; and (3) whether the ALJ erred in his evaluation of Plaintiff's subjective complaints of pain.

### II.     Procedural History and Summary of the ALJ's Decision

On March 30, 2010,[1] Plaintiff filed an application for SSI, alleging she became

---

[1] The ALJ's opinion states the application date as March 20, 2010, but a review of the

disabled and unable to work on November 1, 2002, due to slipped disc, herniated discs, arthritis, degenerative back disease, muscle spasms, a sprained and deformed left leg, sciatic nerve pain, a slipped nerve, carpal tunnel, and osteoporosis. Tr. 138-39. The Social Security Administration ("SSA") denied her claim initially on July 6, 2010, and upon reconsideration on September 9, 2010. Tr. 96-97, 100-11. Plaintiff then requested and received a hearing before an ALJ on September 28, 2011, during which she was represented by an attorney. Tr. 39-64. Plaintiff testified at the hearing.

On January 27, 2012, the ALJ issued a decision, finding Plaintiff not disabled and denying her claim. Tr. 24-32. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 30, 2010, the application date.[2] Tr. 26. At step two, the ALJ determined that Plaintiff had the following severe impairments: chronic pain syndrome, carpal tunnel syndrome, generalized anxiety disorder, bipolar disorder, a history of polysubstance abuse, and narcissistic personality disorder. *Id.* At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."[3] *Id.* In doing so, the ALJ explicitly considered the "paragraph B" and "paragraph C" criteria, and found that the criteria were not satisfied. Tr. 26-27.

------

record shows it is March 30, 2010. Tr. 134-36.

[2] The ALJ found that Plaintiff worked after the application date but this work activity did not rise to the level of substantial gainful activity. Tr. 26.

[3] Appendix 1 is the listing of impairments ("Listing") that "describes for each of the

Taking into account the effects from all of Plaintiff's impairments the ALJ then determined that Plaintiff had the RFC to perform the full range of light work, as defined in 20 C.F.R. § 416.967(b),[4] with some additional limitations.  Tr. 27.  The ALJ also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment."  Tr. 28.  In making this finding, the ALJ considered Plaintiff's allegations of severe back pain and psychological limitations.  Tr. 28-29.  Taking into consideration his RFC determination, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform according to the Medical Vocational Guidelines. Tr. 31.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council.  After considering the ALJ's decision, the Appeals Counsel denied the request on July 5, 2013.  Tr. 1-6.  Accordingly, the ALJ's January 27, 2012 decision

---

major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. § 405.1525(a).

[4] The regulations define "light work" as follows:

(b) Light work.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

20 C.F.R. § 404.1567(b).

is the final decision of the Commissioner.  On August 21, 2013, Plaintiff timely filed her Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3).  Doc. 1.

### III.    Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.  *See* 20 C.F.R. § 404.1520.  The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.  *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).  The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence.  *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as

adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

### A.   *State Agency Opinions*

On appeal, Plaintiff first argues that the ALJ erred in assigning great weight to the opinions of the non-examining state agency opinions because these opinions misconstrue and misstate the medical records.  Plaintiff asserts that instead, the ALJ should have afforded weight to Plaintiff's treating physician, Dr. Kenneth Berdick, M.D.  Defendant responds that record evidence supports these opinions, including medical evidence, examination findings, mental status examination, and Plaintiff's own activities of daily living.  Defendant further argues that these opinions were

consistent with the record as a whole and did not misstate the evidence.  The Court agrees with the Commissioner.

When determining how much weight to afford an opinion, the ALJ considers whether there is an examining or treatment relationship and the nature and extent thereof; whether the source offers relevant medical evidence to support the opinion; consistency with the record as a whole; the specialization of the source, if any; and any other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(c)(1)-(6).  Findings of fact made by state agency medical and psychological consultants as to the nature and severity of a claimant's impairments must be treated as expert opinion evidence of nonexamining sources by the ALJ, but the ultimate opinions as to whether a claimant is disabled, the severity of a claimant's impairments, the claimant's RFC and the application of vocational factors are exclusively reserved to the Commissioner.  SSR 96-6p; 20 C.F.R. § 404.1527(d)(1)-(2). Unless a treating source's opinion is given controlling weight, the ALJ must explain the weight given to the opinions of other consultants, doctors or medical specialists. 20 C.F.R. § 404.1527(e)(2)(ii); *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 877 (11th Cir. 2006).  "[A]dministrative law judges must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence" of non-examining sources.  20 C.F.R. § 404.1527(f)(2)(i); *see also* SSR 96-6p (requiring ALJs to consider and address the weight given to state consultants' opinions, which are treated as expert opinion evidence of non-examining sources).    When the ALJ

properly discounts the opinion of an examining (or even a treating) physician, the administrative law judge may give substantial weight to the opinion of a nonexamining reviewing source who is considered an expert in Social Security disability evaluation and whose opinion is consistent with the overall record. *Oldham v. Schweiker*, 660 F.2d 1078, 1086 (5th Cir. 1981); *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. 2008); 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i).

In this case, the ALJ assigned considerable and great weight to the opinion of Dr. Martha Putney, Ph.D., and great weight to the opinion of Dr. Debra Troiano, M.D. Tr. 27, 30. The ALJ justified his findings, stating that he assigned the opinions such weight because the consultants are non-examining experts who are familiar with the disability program and its evidentiary requirements, they reviewed all documentary medical evidence available at the time, and supported their opinions with an explanation based on objective data. Tr. 30.

Dr. Troiano completed a physical residual functional capacity assessment on September 1, 2010. Tr. 362-69. Dr. Troiano concluded that Plaintiff has moderate functional limitations, but is capable of performing work with limitations described in her report. Tr. 367. Plaintiff does not specify in what way Dr. Troiano's opinion is unsupported by the record.

Dr. Putney completed a psychiatric review technique on July 6, 2010. Tr. 345-58. Dr. Putney concluded that, despite Plaintiff's psychological problems, including depression with anxiety and polysubstance abuse, she was capable of performing all activities of daily living and capable of work when clean and sober. Tr. 357. She

determined that Plaintiff's impairments were not severe (Tr. 345) and that Plaintiff can perform work with complex tasks.  Tr. 357.  Although Plaintiff argues that Dr. Putney misstated the record when she stated that Plaintiff received no psychiatric treatment, no psychological treatment, took no psychiatric mediations, and that there was no ongoing mental health counseling, Dr. Putney only stated that Plaintiff is not currently receiving such treatment, not that she has never done so.  *Id.*  Dr. Putney did not ignore Plaintiff's mental health treatment, as Plaintiff also asserts.   Dr. Putney acknowledged that in 2004 Plaintiff met with a licensed mental health counselor (Tr. 259-60, 268-73, 357) and in 2005 with a licensed clinical social worker (Tr. 243-44, 247-56, 357).  Dr. Putney also considered Plaintiff's 2009 psychiatric evaluation by Dr. Clark Dreilinger, M.D.  Tr. 316-18, 357.  Although Plaintiff argues that Dr. Putney erred when she stated that Plaintiff takes no psychiatric medications, the ALJ acknowledged and considered that Plaintiff received therapy and psychiatric medication.  Tr. 30.

The Court finds that Dr. Putney and Dr. Troiano's opinions are supported by the record, and therefore the ALJ did not err in according the opinions great and considerable weight.  An ALJ may weigh opinion evidence based upon its consistency with other evidence in the record.  20 C.F.R. § 416.927(c)(4).  Here, generally normal mental status findings in the record support the ALJ's evaluation of Dr. Putney's opinion.  Dr. Dreilinger examined Plaintiff in November 2009 (Tr. 338) and observed she was awake, alert, and oriented.  Tr. 337.  Though Plaintiff appeared "mildly" dysphoric and "somewhat" hyperverbal, Dr. Dreilinger observed no evidence of a

thought disorder.  Tr. 337.  He observed Plaintiff's insight was fair, judgment was poor to fair, cognition was normal, and fund of knowledge was "quite adequate."  Tr. 337.

Subsequent mental status examinations also support the ALJ's evaluation of Dr. Putney's opinions.  In April 2011, Plaintiff was fully oriented, alert, cooperative, dressed neatly, and clean.  Tr. 385.  Her judgment and insight were fair, mood was neutral, affect was appropriate, thoughts were logical, perception was reality-based, and psychomotor movements were normal.  Tr. 385.  Subsequent appointments through August 2011 showed largely the same findings, with her judgment and insight sometimes being either good or fair, and her thoughts being logical and goal-directed.  Tr. 386-92.

### B.  Treating Physician

Plaintiff next argues that the ALJ failed to properly follow the treating physician rule when he considered the opinion of her treating physician, Dr. Kenneth Berdick.  Here, the ALJ considered but did not assign any weight to the opinion of Dr. Berdick, who completed a medical verification form in March 2009, in which he stated that Plaintiff was restricted from performing high pressure jobs and ones with lifting.  Tr. 30.  In fact, Dr. Berdick checked the box stating that Plaintiff was "unable to work at all."  Tr. 335.  The ALJ assigned the opinion no weight because it was conclusory and contrary to the evidence of record, as detailed in the ALJ's opinion.  Tr. 30.  Plaintiff asserts this was in error, as Dr. Berdick's handwritten office notes are illegible.  Doc. 29 at 13.

When an impairment does not meet or equal a listed impairment at step 3, the ALJ will proceed to step 4 to assess and make a finding regarding the claimant's RFC based upon all of the relevant medical and other evidence in the record. 20 C.F.R. § 404.1520(e). In this case, the ALJ found Plaintiff "did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 25. The ALJ then proceeded to assess and make a finding regarding the claimant's RFC. The RFC is the most that a claimant can do despite her limitations. *See* 20 C.F.R. § 404.1545(a). As noted, the ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence, and medical source statements. *Id.* The determination of RFC is within the authority of the ALJ; and the claimant's age, education, and work experience is considered in determining the claimant's RFC and whether she can return to her past relevant work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite her impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

The ALJ is required to review all of the medical findings and other evidence that supports a medical source's statement that a claimant is disabled. Moreover, opinions on some issues, such as the claimant's RFC and whether the claimant is disabled or unable to work, "are not medical opinions, . . . but are, instead, opinions

on issues reserved to the Commissioner, because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-5p. The ALJ, therefore, is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(d)(1). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion of whether the claimant meets a listed impairment, a claimant's RFC (20 C.F.R. §§ 404.1545, 404.1546) or the application of vocational factors, because that ultimate determination is the sole province of the Commissioner. 20 C.F.R. § 404.1527(e).

Here, the ALJ properly considered and analyzed Plaintiff's alleged impairments in assessing her RFC. Generally, when determining a plaintiff's RFC "[a]n ALJ must give a treating physician's opinion substantial weight, unless good cause is shown." *Castle v. Colvin*, —— F. App'x ——, 2014 WL 595284 (11th Cir. Feb. 18, 2014) (citing *Phillips*, 357 F.3d at 1240); 20 C.F.R. § 404.1527(c)(2); *Lewis*, 125 F.3d at 1440; *Sabo v. Comm'r of Soc. Sec.*, 955 F. Supp. 1456, 1462 (M.D. Fla. 1996). "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips*, 357 F.3d at 1240). Under the regulations, the ALJ must weigh any medical opinion based on the treating relationship with the claimant, the length of the treatment relationship,

11

the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source and other factors. *See* 20 C.F.R. §§ 404.1527(c), (c)(2)(i)-(ii), (c)(3)-(6); *Edwards*, 937 F.2d at 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements); *Lewis*, 125 F.3d at 1440.  Where a treating physician merely has made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *Schnor v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987); *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); Social Security Ruling ("SSR") 96-2p.

The Court finds that the ALJ properly considered Dr. Berdick's opinion in the medical verification form and assigned it no weight because there was no objective evidence to bolster his opinion.  Dr. Berdick's opinion that Plaintiff is incapable of working is not compelled by the overall record.  As the ALJ correctly noted in his opinion, Plaintiff does suffer from some mental impairments, but the treatment notes during the alleged disability period were not consistent with disabling mental limitations. Most of those records reflect that Plaintiff is alert and oriented, her insight is fair, cognition normal, and fund of knowledge quite adequate. Tr. 337. See discussion, *supra,* Sec. IV.B.  Further, although the examination findings by Dr. Sheba Katz, Ph.D., and Dr. Robert Silver, Ph.D., who completed a vocational rehab evaluation ("evaluation") on April 22, 2010 (Tr. 324-31), state that Plaintiff was not ready for job placement in her current mental condition, this was mainly due to her

social behavior.   They observed that Plaintiff's intelligence was high average, employment skills were above average, and her ability to adjust to change was average.  Tr. 330-31.  Thus, these examination findings further support the ALJ's decision that Dr. Berdick's opinion is contrary to the evidence of record.  The ALJ addressed the evaluation, and noted that the record indicates that treatment and the proper medical have been relatively effective in treating the Plaintiff's mental symptoms, and her impairments are not disabling if she is compliant with treatment and medication.  Tr. 30.

The ALJ correctly found Dr. Berdick's opinion inconsistent with other evidence in the record, the objective medical findings of other doctors who treated Plaintiff which provide substantial evidence to support the ALJ's assessment of Plaintiff's RFC.  Further, as the ALJ thoroughly discussed in his credibility analysis, despite her limitations, Plaintiff continues to engage in significant activities of daily living and is self-reliant.  Tr. 29-30.  In assessing Plaintiff's credibility, the ALJ stated that although she appeared egocentric, Plaintiff reported maintaining a blog and having many close friendships.  Tr. 27, 325.  Plaintiff also wrote a lucid, though passionate, rebuttal to a medical report.  Tr. 29-30, 309-15.  Plaintiff also drives.  Tr. 27, 59.  *See Magill v. Comm'r of Soc. Sec.*, 147 F. App'x 92, 94 (11th Cir. 2005) ("[A]n ALJ need not give a treating physician's opinion considerable weight if the applicant's own testimony regarding her daily activities contradicts that opinion.").

The ALJ supported his decision and showed good cause for assigning no weight to Dr. Berdick's conclusory opinion, in compliance with the applicable rules and

regulations, by citing to specific evidence in the record demonstrating that Dr. Berdick's opinion was inconsistent with the record as a whole, were conclusory or inconsistent with the medical records, and made no reference to any clinical or laboratory diagnostic techniques to support the opinions. *See Winschel*, 631 F.3d at 1179. Consequently, the ALJ properly followed the treating physician rule and had good cause to discount Dr. Berdick's opinion and not give it controlling weight, which the Court finds is supported by substantial evidence.

Moreover, as the Government argues, Dr. Berdick's questionnaire essentially concluded that Plaintiff was disabled, as he stated she was unable to work. A statement that a claimant is disabled or unable to work is not a medical opinion, and that statement is not entitled to controlling weight or any special significance. 20 C.F.R. § 404.1527(d). *See also Osborn v. Barnhart*, 194 F. App'x 654, 667 (11th Cir. 2006) (holding that substantial evidence supported the ALJ's decision to give more weight to the state agency's evaluation and give only minimal weight to the opinion of the claimant's treating physician because it was "nothing more than a conclusory statement unaccompanied by objective medical evidence" and did not indicate the limitations that the diagnoses placed on the claimant's ability to work).

C.    *Pain Standard*

Lastly, Plaintiff argues that the ALJ erred in his evaluation of Plaintiff's subjective complaints of pain as he did not correctly apply the Eleventh Circuit pain standard. Specifically, Plaintiff asserts that when the ALJ stated that "[t]he medical evidence of record does not reveal the type of clinical and laboratory abnormalities

one would expect to find of a completely disabled individual," and "many of the claimant's physical examinations were normal or showed only slight limitations" (Tr. 28), he was essentially requiring objective proof of the pain itself, which is not the correct standard.

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. "In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The court further noted that if the "ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Id.* "Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Id.* If the ALJ concludes that there is an objectively determined medical condition which could reasonably be expected to produce disabling pain, the administrative law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." *Hand v. Heckler*, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

In this case, the ALJ referred to the pertinent regulations and SSRs governing the assessment of subjective complaints. Tr. 28. Moreover, he set forth the proper steps for determining credibility. *Id.* The ALJ then accurately summarized Plaintiff's

testimony, and acknowledged Plaintiff's allegation that she cannot work due to severe back pain and mental limitations.  Tr. 28-29.  The ALJ did not, however, find Plaintiff fully credible.  Thus, the ALJ concluded that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment."  Tr. 28.

The ALJ then gave a detailed explanation for the credibility finding and his reasons for discrediting Plaintiff's subjective testimony.  Tr. 28-30.  Specifically, the ALJ discussed that Plaintiff's alleged pain was inconsistent with the medical record and did not confirm the severity of the alleged pain, finding that the alleged symptoms and limitations have been overstated by Plaintiff.  Tr. 30.  The ALJ discussed Plaintiff's activities of daily living, contrary medical evidence, and a review of the Plaintiff's work history.  Tr. 29-30.  Accordingly, the ALJ specifically articulated the basis for his rejection of Plaintiff's subjective complaints in compliance with the pain standard.

### V.    Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1.    The decision of the Commissioner is **AFFIRMED**.

2.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

3.      The Clerk of Court is further directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record